UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ARON KHON,

                Plaintiff,                    CV-05-2771
                                                          (SJF)(MDG)
  -against-

                                                          **OPINION & ORDER**

PAUL MICHAEL MARKETING SERVICE, INC.,

                Defendant.
----------------------------------------X

FEUERSTEIN, J.

Aron Khon (plaintiff) commenced this action against Paul Michael Marketing Service, Inc. (defendant) on June 9, 2005. Defendant now moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons stated herein, defendant's motion is denied.

I. Background

    A. Factual Background

Plaintiff commenced this class action, on behalf of himself and other similarly situated, against the defendant, a consumer debt collection agency, seeking damages and attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA or the Act). (Compl. ¶¶ 5-6, 12). On November 15, 2004, defendant attempted to collect a $124.00 debt allegedly owed to Mount Sinai Center for Clinical Labs (creditor). (Id. ¶¶ 9-10).

Plaintiff complains that two sentences in the letter constitute "false threats and deceptive practices" in violation of Sections 1692e(5) and 1692e(10) of the FDCPA. (Id. ¶¶ 11-12). The collection letter contains the following language:

1

> If said sum is not received immediately, we will have no
> alternative but to advise our client of your continued refusal to pay
> the amount due. Our client will then have to choose whether or not
> to take legal action on this claim.

(Compl., Ex.). Plaintiff alleges that this language implies a threat of legal action against the consumer, but that defendant has no intention to bring legal action and presumably has no knowledge as to whether the creditor will bring legal action either. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings, dated Nov. 14, 2005 [Pl.'s Mem.], at 5-7). Plaintiff contends that there is a strong likelihood that the creditor never initiates legal action for such small debts and that plaintiff has not had the opportunity to show whether the creditor actually intended or considered whether to commence a lawsuit in this case. (Id. at 5).

Defendant concedes that violations of the FDCPA have been found where the collection letter threatens legal action that the debt collector did not intend to take. (Defendant's Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, dated Oct. 12, 2005 [Def's Mem.], at 11). In this case, however, defendant contends that the language of the collection letter is "not susceptible to more than one reasonable interpretation" and that the "letter contains no contradictory or threatening language, which could be subject to misinterpretation by the plaintiff. There are no threats of legal action or statements that the matter was referred to a lawyer for litigation." (Id. at 11-12). Defendant fails to address plaintiff's argument that the language could suggest that legal action is a possible consequence of failure to pay when, in practice, the debt collector and/or the client never take such action for a debt of this amount.

II.   Discussion

   A.   Federal Rules of Civil Procedure 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When deciding a motion under Rule 12(c), the court should use the same standard as that applicable to a motion under Rule 12(b)(6), "accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." D'Alessio v. New York Stock Exch., Inc., 258 F.3d 93, 99 (2d Cir. 2001) (internal citations and quotations omitted). The court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

   B.   FDCPA § 1692e(5) and (10)

Section 1692e of the FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. In determining whether a debt collection letter violates the Act, courts in the Second Circuit apply the "least sophisticated consumer" test. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. The standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id. Sections 1692e(5) and (10) prohibit a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," and from using "any false representation or

3

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. "Deceptiveness," within the meaning of Section 1692e, includes ambiguity, and a collection notice is deceptive if it is "reasonably susceptible to an inaccurate reading." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

Plaintiff alleges that defendant's letter, which states that in the event payment is not received "immediately . . . [o]ur client will then have to choose whether or not to take legal action on this claim," is a threat in violation of the Act because defendant, and defendant's client, have "no intention to bring legal action." (Pl.'s Mem. at 7). Courts look to the facts and circumstances of the case in determining wether the language can be interpreted as threatening legal action in violation of the FDCPA.

If the debt collector is not authorized by its client to pursue legal action, or if legal action was never intended to be taken, threats of legal action have been found to violate Section 1692e(5). See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993) (finding that the statement, "[the creditor has] instructed us to proceed with whatever legal means is necessary to enforce collection" violated the Act because the contract between the debt collector and the creditor explicitly provided that prior written authorization was required from the creditor before the collection agency could commence litigation); Sluys v. Hand, 831 F. Supp. 321, 326-27 (S.D.N.Y. 1993) ("If a step threatened by a debt collector 'is not intended to be taken [by the creditor],' 15 U.S.C. § 1692e(5) may be violated.").

In order to prevail, plaintiff must establish that the possibility of a lawsuit could be "ruled out." Sluys, 831 F. Supp. at 327. However, because plaintiff alleges that defendant and its client have no intention of bringing such action, and defendant has failed to provide a dispositive

4

contract with its client or proof of prior legal action on similar amounts, the complaint is sufficient to survive a motion for judgment on the pleadings. See Failla v. Cohen, 03 CV 1262, 2005 U.S. Dist. LEXIS 17434, at *5 (E.D.N.Y. Mar. 10, 2005); Kapeluschnik v. Leschack & Grodensky, P.C., 96 CV 2399, 1999 U.S. Dist. LEXIS 22883, at *23 (E.D.N.Y. Aug. 25, 1999).

III. Conclusion

For the reasons stated herein, defendant's motion to dismiss on the pleadings is denied.

SO ORDERED

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October  , 2006

Copies to:

Arthur Sanders, Esq.
2 Perlman Drive – Suite 301
Spring Valley, NY 10977-5230

Adam Fishbein, Esq.
735 Central Avenue
Woodmere, NY 11598